IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                  :
                                        :
ALEJO SANTOS RIVERA                     :       CASE NO. 03-06144 (GAC)
EVELISSE I. PINERO ROLDAN               :
                                        :
              Debtors.                  :       CHAPTER 13
_____    :
                                        :
ALEJO SANTOS RIVERA                     :
EVELISSE I. PINERO ROLDAN               :
                                        :
              Plaintiffs.               :
                                        :
v.                                      :       ADV. NO. 04-00077
                                        :
COOPERATIVA DE AHORRO Y CREDITO         :
ROOSEVELT ROADS, et  al.                :
                                        :
              Defendants.               :
_____    :


**DECISION AND ORDER**


I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

      Pending before the Court is Motion to Vacate a Default

Judgment pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P.

60(b), filed by Cooperativa de Ahorro y Credito Roosevelt Roads

("Cooperativa") (Docket #10, Adv. No. 04-00077).  On June 11,

2003, Alejo Santos Rivera and Evelisse I. Piñero Roldan

("Debtors"), filed a voluntary petition under Chapter 13 (Legal

Case No. 03-06144).  On September 3, 2003, Cooperativa filed a

1

proof of claim in the principal amount of $2,125.66 (Claims Register, Proof of Claim #10).[1]

On May 26, 2004, Debtors filed a complaint against Cooperativa for willful violation of the automatic stay (Adv. No. 04-00077).[2]  In its Complaint, Debtors argue that Cooperativa violated the stay when it made an illegal withdrawal on Debtors' savings account, due to the bankruptcy filing; and that as a result, Debtors were left with no funds to pay for medical bills and other expenses.  Debtors request damages, including: $15,000 in actual damages; $30,000 in punitive damages; and costs and attorney's fees.  Debtors filed a certificate of service indicating that a copy of the summons and complaint was served on Cooperativa via certified mail prepaid to "Cooperativa de Ahorro y Credito Roosevelt Roads C/O Ms. Zulma Feliciano, P.O. Box 382, Rio Grande, P.R. 00754-0382" (Docket #3).[3]

---

[1] The proof of claim provides that the undersigned, Carlos A. Quilichini Paz, attorney for the appearing party, was authorized to make the proof of claim on behalf of Cooperativa.  The address provided for the appearing party's attorney was: P.O. Box 363805, San Juan, Puerto Rico 00936-3805.  The proof of claim listed Cooperativa's address as P.O. Box 31, Fajardo, Puerto Rico 00738-0031. Attached to the Proof of Claim is a copy of the loan contract entered into by and between Debtors and Cooperativa (Claims Register, Legal Case No. 03-06144, Proof of Claim #10).

[2] All subsequent references to specific docket entries refer to Adv. Case No. 04-00077 (GAC), unless otherwise provided.

[3] The certified mail receipt was attached as evidence of service (see Docket #3).

2

On September 10, 2004, Debtor's filed a motion requesting a judgment by default (Docket #5); and on October 20, 2004, a Judgment by Default was entered against Cooperativa, in accordance with Bankruptcy Rule 7055 (Docket #8).  Debtors were awarded actual damages totaling $15,000 for suffering and mental anguish; punitive damages totaling $30,000; and costs and attorney's fees pursuant to 11 U.S.C. § 362(h) (Docket #8).

On December 23, 2004, Cooperativa filed a Motion to Vacate the Default Judgment (Docket #10); and an Answer to the Complaint (Docket #11).  Debtors filed a Motion in Opposition to Cooperativa's Motion to Vacate (Docket #12).  Subsequently, Cooperativa filed a Motion for Leave to Reply (Docket #13) and a Reply to Debtors' Motion in Opposition (Docket #14); and Debtors filed a Sur-reply (Docket #15).

II.  ARGUMENTS OF THE PARTIES

A.  Cooperativa

Cooperativa avers that pursuant to Fed. R. Civ. P. 60, it can obtain relief from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect.  Specifically, it argues that the complaint seeking damages against Cooperativa for an alleged violation of the automatic stay, was not properly served on Cooperativa through the authorized agent provided in

3

its Proof of Claim #10, pursuant to Rule 2002(g)(1)(A); the Complaint was sent to a bank branch with no legal staff, and mistakenly placed in the customer's file; and as a result of this mistake, it failed to timely answer the Debtors' complaint.

B.   Debtors

In the Debtors' answer, they argue that the Fed. R. Bankr. P. 7004 is applicable to the case at bar, and not Rule 2002(g)(1)(A).  Pursuant to Rule 7004, service of a summons by first class mail is proper as long as the summons and complaint are mailed to the attention of "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...."  In the instant case, Debtor states that the summons was correctly mailed to Ms. Zulma Feliciano, a bank manager at the branch in Rio Grande, where Debtors have their account.

Debtors further avers that service of the summons and complaint to one of the addresses included on the proof of claim, would have been quashed, because the addresses provided are incorrect.  Specifically, the proof of claim includes the address of an attorney, Carlos A. Quilichini Paz, and Cooperativa's Fajardo branch, which Debtors aver has no direct relation to the Debtors' account.

4

Finally, Debtors argue that they should not be penalized for Cooperativa's careless mistakes, which do not amount to excusable neglect. All motions filed and court orders entered after the complaint in the instant case, including the Motion for Entry of Default, the Default Judgment, and the cancellation of the pre-trial, were notified to Ms. Feliciano, the same branch manager at the Rio Grande Branch, without any problems.

III. <u>DISCUSSION</u>

A. <u>Sufficiency of Service of Process</u>

As an initial matter, the Court must address whether service of process was sufficient under Rule 4 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 7004 of the Federal Rules of Bankruptcy Procedure. Proper service under Rule 7004 is necessary to establish personal jurisdiction over a defendant corporation or association. <u>Precision Etchings and Findings, Inc. v. LGP Gem Ltd.</u>, 953 F.2d 21, 23 (1st Cir. 1992). Failure to comply with Rule 7004 will render service of process insufficient, and will deprive the bankruptcy court of personal jurisdiction over the defendant corporation or association. Thus, if the court does not have jurisdiction, any order or judgment entered by the court is void for lack of personal jurisdiction. <u>In re Maloni</u>, 282 B.R. 727, 731 (B.A.P.

1st Cir. 2002) (citing <u>Hospital Mortgage Group, Inc. v. Parque</u>
<u>Industrial Rio Cañas, Inc.</u>, 653 F.2d 54 (1st Cir. 1981); <u>In re</u>
<u>Harlow Properties, Inc.</u>, 56 B.R. 794, 796 (B.A.P. 9th Cir.
1985)).

Rule 7004 applies in adversary proceedings and governs
service of a summons and complaint upon corporations and
associations.[4]  Specifically, Rule 7004(h)(1) allows service of
process to be made upon corporations and associations in
accordance with the laws of the state in which the district court
is located in the manner prescribed for individuals under
subdivision (e)(1); or "by delivering a copy of the summons and
of the complaint to an officer, a managing or general agent, or
to any other agent authorized by appointment or by law to receive
service of process. . . ."

Since Fed. R. Bankr. P. 7004(e) permits service to be
effectuated as provided for under the relevant state law, the
Court also looks to the Puerto Rico Rules of Civil Procedure and
the Puerto Rico Law on Corporations for guidance.  <u>Luis R.</u>

---

[4]Cooperativa's argument that Rule 2002 is applicable to the case at bar, is
misplaced.  Specifically, Rule 2002(g)(1)(A) only applies to specific notices
sent to creditors, none of which includes the service of a summons and complaint
in an adversary proceeding.  The Court also finds that Cooperativa's reliance on
Rule 7005, in its Reply to Debtor's Opposition to the Motion to Vacate Default
Judgment (Docket #14), is misplaced.  Rule 7005 is applicable to motions filed
after the service of the initial summons and complaint.

6

Gonzalez v. Ritz Carlton Hotel Co. Of Puerto Rico, 241 F.Supp.2d 142, 147 (D.P.R. 2003). There are two rules that govern service upon corporations – both provisions establish essentially the same requisites for proper service of a summons and complaint, as that established under Fed. R. Bankr. P. 7004. First, Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure and the Puerto Rico Law on Corporations states that "a corporation, company, partnership, association or any another artificial person, [may be served] by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." Id.

Second, the Puerto Rico law on Corporations also addresses the requirements for properly serving process upon any corporation organized in Puerto Rico. It states that "[s]ervice of legal process upon any corporation organized in the Commonwealth shall be made by personally delivering a copy of the process to any officer or director of the Corporation in the Commonwealth, or by leaving it at the dwelling place or usual place of abode of any officer, director or registered agent . . . in the Commonwealth, or at the registered office or other place

7

of business of the corporation in the Commonwealth." 14 L.P.R.A. § 3126.

Under the applicable Bankruptcy Rules, the Puerto Rico Rules of Civil Procedure, and the Puerto Rico Law on Corporations ("Rules"), the Court finds that service of the summons and complaint was sufficient. In the instant case, it is uncontested that Cooperativa received service of the summons and complaint. The only question that remains for the Court to determine is whether it was served to the appropriate address for service of process; and whether the proper person was served, as provided for in the Rules. The address to which the summons and complaint were served corresponds to one of the places of business of Cooperativa, as provided for in the Rules; and it is uncontested that the person to whom the summons and complaint was directed, Ms. Zulma Feliciano, was an officer of the lending institution; and this is also allowed for in the Rules. Thus, service was sufficient.

B. Standard under Rule 60(b)

Since service of process was sufficient, the Court must now determine whether Cooperativa's failure to file an answer to the complaint is excusable, entitling it to relief from judgment under Fed. R. Bankr. P. 9024. The question of whether there has

8

been a sufficient showing to satisfy the procedural rule providing for relief from judgment, rests within the discretion of the trial court.  In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).  Fed. R. Civ. P. 60(b), made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024, states in relevant part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

The Supreme Court established a balancing test and held in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, that "a determination of what sorts of neglect will be considered 'excusable' is an equitable one," taking into consideration certain relevant factors: (1) the length of the delay and its impact on judicial proceedings; (2) the reason for the delay; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the debtor.  Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 1491 (1993).[5]  In Pioneer, the Supreme Court relaxed the previous standard construing excusable neglect and held that it is a more flexible concept that is not limited solely to circumstances

---

[5]The First Circuit has adopted Pioneer's balancing test and has held that the Supreme Court's analysis is applicable to the term as used in Fed. R. Civ. P. 60(b). See Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997).

9

beyond the control of the movant.  Id. at 1491.  Although the other circuits have adopted a more liberal approach in light of the Pioneer decision, the First Circuit has stated that "this Circuit has taken a harsher tack." Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63-64 (1st Cir. 2001) (see Deo-Abgasi v. Parthenon Group, 229 F.R.D. 348, 351 (Bankr. D. Mass. 2005) (where the court held that "despite its elasticity" . . . excusable neglect is a "demanding standard").[6]

In addition to the factors enumerated in Pioneer, some courts consider whether movant has a meritorious defense to the original action. American Alliance Insurance Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2nd Cir. 1996).  In order to make a showing that a meritorious defense exists sufficient to open a default judgment, the defendant must set forth facts to show the existence of the essential elements of the defense.  Id.

C.   Application of Rule 60(b)

The Court finds, in balancing the equities of this case, that Cooperativa's failure to file an answer to the complaint, does not amount to "excusable neglect" pursuant to Rule 9024 and

---

[6]Prior to the Court's decision in Pioneer, the First Circuit held that Rule 60(b) is a vehicle for extraordinary relief, therefore motions invoking the Rule should be granted only under exceptional circumstances. Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986).

10

applicable case law. First, Cooperativa's motion to vacate the default judgment was filed almost two months after the default judgment was entered; which the Court finds to be a significant delay.

Second, the Court finds Cooperativa's argument that the mistake of its officer amounts to excusable neglect, is not supported by case law.[7] Courts have often held that excuses based on mistakes in office procedures does not amount to excusable neglect. See Insurance Co. Of N. America v. Morrison, D.C. Fla. 1994) (where the Court held that the Banks failure to file a timely answer to third-party complaint against it, was not due to excusable neglect, where complaint was misrouted to the commercial loan department and the loan department did not sent complaint to the legal department); See also Heaton v. Bonacker, 173 F.R.D. 533. 535 (M.D. Alabama 1997) (where the court held that a party's failure to establish minimum procedural safeguards for handling legal pleadings which results in the complaint being misplaced does not constitute cause under Rule 60, a more lenient standard than excusable neglect); In re Software Corporation, 97

---

[7] The First Circuit in particular, has held that "[w]hile all relevant circumstances should be considered, the factors are not equally weighted 'the reason-for-the-delay factor will always be critical to the inquiry . . . .'" Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Hospital del Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001).

11

B.R. 71 (D. Mass. 1988) (Court found no excusable neglect where failure to file a proof of claim by the claims bar date resulted from an internal mistakes in the Department of Revenue). The Court finds that it is Cooperativa's responsibility as a creditor to establish procedures to be used by its staff whenever important mail is received at any of its bank branches, and that it is appropriately handled and forwarded to the appropriate office and legal counsel, if necessary.

Moreover, the Court finds that Debtor would be prejudiced by vacating the default judgment. Specifically, Debtor would have to incur costs and attorneys fees associated with litigation. The Court recognizes, that although there is a strong interest in resolving disputes on the merits, there is also an equally compelling interest in finality of litigation for the parties.

Finally, the Court finds that Cooperativa has not established a meritorious defense to the original action. In the present case, Cooperativa admits that it transferred money from Debtors' savings account and christmas club, to Debtors' shares account; however, it argues that since the funds stayed within the Debtors accounts and no offset procedures took place, its actions did not constitute a violation of stay under 11 U.S.C. § 362. Pursuant to 11 U.S.C. § 362, all that is required to find

12

that there has been a willful violation of stay is that the defendant had knowledge of the automatic stay; and intended the actions which constitute the violation. Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268 (1st Cir. 1999). A willful violation does not require a specific intent to violate the automatic stay. Id. In the instant case, it is undisputed that Cooperativa had knowledge of the automatic stay; and admits that they intended to transfer the money in one of Debtor's accounts to another, thus the Court must presume that the violation was deliberate.

D.    Damages

The Court concludes that issue of damages must be fully briefed and an evidentiary hearing held, in order to determine the appropriate amount of damages to be awarded. See Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265 (1st Cir. 1999). In the instant case, there is no uncertainty as the amount of actual and punitive damages being requested, since the complaint requests specific dollar figures. However, the Court finds that the reasonableness of the damages, under the facts and circumstances of the case at bar, is not ascertainable from the pleadings. Moreover, Debtor's request for attorneys fees and

13

costs was not supported by evidence regarding a description of the services rendered and an itemization of the amount sought.

IV.  CONCLUSION

Although there was no evidence to support a finding of bad faith by Cooperativa, it's failure to timely answer the complaint due to the mistake of its branch manager did not amount to excusable neglect under applicable case law.  Moreover, Cooperativa did not demonstrate the existence of a meritorious defense; and Debtor would be prejudiced if the Court set aside the default judgment.  Therefore, the Court finds in favor of Debtor and denies Cooperativa's Motion to Vacate the Default Judgment, in part.  The Court further finds that an evidentiary hearing is necessary to determine the reasonable amount of damages to be awarded to Debtor.

## ORDER

**WHEREFORE, IT IS ORDERED** that the Motion to Vacate the Default Judgment (Docket #10) filed by Cooperativa is **DENIED IN PART**.

**IT IS FURTHER ORDERED** that an evidentiary hearing will be held on **March 10, 2006**, at **10:00 a.m.**, to consider the arguments of the parties regarding damages.

14

**SO ORDERED.**

San Juan, Puerto Rico, this <u>19th</u> day of January, 2006.

<u>/s/ Gerardo A. Carlo Altieri</u>
Gerardo A. Carlo Altieri
Chief, U.S. Bankruptcy Judge

15